

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANR CONSTRUCTION MANAGEMENT, LLC
    Vs.                                    C.A. No.      2013 CA 007858 B
C. ALLISON DEFOE REESE

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date:  November 22, 2013
Initial Conference: 9:30 am, Friday, February 21, 2014
Location: Courtroom 214
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

ANE Construction Manage900 & LLC

Nicole Newman
_____
Plaintiff

vs.

Case Number **13 - 0 0 0 7 8 5 8**

C. Allison DeFoe Reese
_____
Defendant

## SUMMONS

To the above named Defendant: C. Allison De Foe Reese

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Wendell C. Robinson
_____
Name of Plaintiff's Attorney

760 Georgia Avenue #203
_____
Address
Wash. D.C. 20012

202-223-4470
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date  10/22/2013

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Teléfono: (202) 879-1133**

_____

**Demandante**

contra

Número de Caso: _____

_____

**Demandado**

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o el Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección
                                                    Subsecretario

_____

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오        የአማርኛ ትርጉም ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

RECEIVED
Civil Clerk's Office

NOV 2 2 2013

Superior Court of the
District of Columbia
Washington, D.C.

**Superior Court of the District of Columbia**
**Civil Division**

| | |
|---|---|
| ANR Construction Management, LLC<br>3149 Hawthorne Drive, N.E.<br>Washington, D.C. 20017 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| Nicole A. Newman<br>203 Harry S. Truman Drive, # 21<br>Largo, Maryland 20774 | : <br> : <br> : <br> : |
| Plaintiffs | : <br> : |
| v. | : <br> : |
| C. Allison Defoe Reese<br>3149 Hawthorne Drive, N.E.<br>Washington, D.C. 20017 | : <br> : <br> : <br> : |
| Defendant | : <br> : |

Case No:

13 - 0 0 0 7 8 5 8

## Complaint
## For: Breach of Fiduciary Duty, Fraud, Conversion, Replevin, and Embezzlement

Comes now ANR Construction Management, LLC, (ANR), and Nicole A. Newman,

(Newman), by and through undersigned counsel, and sues C. Allison Defoe Reese, (Defendant),

on the grounds hereinafter stated:

## JURISDICTION

1. This Court has jurisdiction pursuant to: D.C. Code § 11-921, (as amended).

## PARTIES

2. ANR is a District of Columbia Limited Liability Company, (ANR). It was operating in

that capacity, at all times relevant to this cause of action.

1

3. Newman is a principal of ANR. She was a resident of the State of Maryland, at all times relevant to this cause of action.

4. The Defendant is a principal of ANR. She was a resident of the District of Columbia, at all times relevant to this cause of action.

## FACTS

5. ANR is an LLC operating in the District of Columbia. It has Articles of Organization and an operating agreement that is more aptly referred to as a "partnership agreement" that ANR'S principals agree governs the operation of ANR.

6. ANR'S Articles of Organization does not delegate, to either of its members, in full, or partially, the responsibility to manage ANR'S daily activities, pursuant to: **D.C. Code § 29-1019. Management of a limited liability company by a manager.** This is also true of: **"ANR Construction Management, LLC Partnership Agreement".** Under that agreement's **Article VI Management,** it states, in pertinent part, as follows:

> "...6.1 Management Power of Partners. Subject to the terms hereof (sic), The Partners shall have full, exclusive and complete discretion in the management and control of the affairs of the Partnership; shall make all decisions affecting Partnership affairs; shall have control over and exercise on behalf of the Partnership any voting rights with respect to any securities owned by the Partnership; and shall have all of the rights, powers, and obligations of a Partners (sic), of a limited liability company under the Act and otherwise as provided by law the foregoing, and except as otherwise expressly provided in this Agreement, The Partners (sic) is hereby granted the right, power and authority to do on behalf of the Partnership all things that, in its sole judgment, are necessary or appropriate to manage the Partnership's affairs and to fulfill the purposes of the Partnership, including, by way of illustration and not by way of limitation, the power and authority from time to time to do the following:...."

Although ANR'S Articles of Organization, and its purported operating agreement, do not designate a manager to conduct its daily affairs, **Section 6.3, Duties and Obligations of the Partners, under Article IV**, of its purported operating agreement, is instructive on the duties and obligations of its members. That section reads, in pertinent part, as follows:

2

**"....6.3 Duties and Obligations of the Partners.**

(c)     The Partners shall be under a fiduciary duty and obligation to conduct the affairs of the Partnership in the best interest of the Partnership, including the safekeeping and use of all Partnership funds and assets (whether or not in the immediate possession or control of the Partners) and the use thereof for the benefit of the Partnership. The Partners shall be entitled to cause the Partnership to enter into transactions with affiliates of The Partners or that benefit affiliates of the Partners, so long as those transactions are entered into principally for the benefit of the Partnership in the ordinary course of Partnership business...."

7. As of June 2012, the Defendant produced an alleged balance sheet indicating that

ANR had five (5) separate bank accounts, with Bank of America, totaling: $1,501,545.74.

8. Newman and the Defendant agreed that Newman would be responsible for bringing in

the contracts for ANR and the Defendant would be responsible for handling ANR'S books and

bank accounts. On May 9, 2012, because of philosophical differences and lack of trust, Newman

notified the Defendant, by letter, through her attorney, that she intended to withdraw from ANR

pursuant to: **Article VII, of ANR Construction Management LLC, Partnership Agreement**.

The letter identified seventeen (17) things that had to take place before Newman's withdrawal

became effective. The Defendant refused to do any of the things listed, in her attorney's letter,

and she also refused to do anything of the things listed in ANR'S operating agreement that had to

be done before an ANR Member's withdrawal becomes effective.

9. Newman and the Defendant, prior to Newman's letter of her intent to withdraw, were

paid, bi-weekly, from ANR funds, and both of their names were listed on the signatures cards for

each of ANR'S five (5) bank accounts with Bank of America. On May 18, 2012, the Defendant

removed Newman's name from all of ANR'S bank accounts, stopped paying Newman, effective

June 1, 2012, but continued paying herself and her attorney, through December 31, 2012.

10. Newman, as a result of the Defendant's refusal to do those things listed, in the

ANR'S operating agreement, necessary to effect a member's withdrawal, was forced to file a

3

lawsuit. A trial was held on October 21, 2013, on that lawsuit.  On October 25, 2013, the jury

returned a verdict awarding Newman $19,000.00, on her conversion claim, against the

Defendant, rejected each of the Defendant's counterclaims, found that Newman did not breach

her fiduciary duty, to ANR, but found that the Defendant had acted illegally and fraudulently.

**Exhibit # 1.**   The Court has not entered judgment.

11.  After Newman filed her first lawsuit, but before the jury rendered its verdict, on

October 25, 2013, the Court held a hearing on January 22, 2013. During that hearing, in which

Bank of America participated, it was established that all of ANR'S accounts were with that bank.

It was during that hearing, that the Defendant, through her attorney, Eden Brown Gaines, twice

informed the Court that ANR had only five (5) bank accounts:

> **"…..MS. BROWN GAINES: There are several accounts. There are about five
> accounts and there is a little bit more than $500,000.00 in the accounts.
> THE COURT: Total?
> MS. BROWN GAINES: Total, of all accounts….."**

When the Court asked a second time, about the bank accounts, the Defendant's attorney stated:

> **"….THE COURT: There are five accounts, right?
> MS. BROWN GAINES: Yes…."**

12.  After Newman filed her first lawsuit, but before the jury rendered its verdict, on

October 25, 2013, the Court also held a hearing on February 2, 2013. During that hearing, in

which Bank of America participated, the Court entered another order specifically prohibiting the

Defendant from paying anything unless the Court issued an order authorizing said payment(s).

On this point, the Court stated:

> **"…..THE COURT……. On the other hand, the current reality is that the bank froze
> the account. So you can't pay anything unless the Court orders the bank to release funds
> for that payment…...
> MS. GAINES" I mean we agree, Your Honor….."**

4

13. On or about October 25, 2013, when the Defendant sought the admission of its exhibit, believed to be Exhibit # 58, during the trial in Newman's first lawsuit, Newman noticed that the exhibit appeared to be a bank statement from either United or TD Bank. She requested, her attorney to obtain the bank records, from those banks, because she was totally unaware of any ANR accounts with them.

14. A subpoena was sent to: United and TD banks, on or about November 5, 2013, requesting a copy of the most recent bank statements for any account (s) that ANR has with them. United Bank responded but TD Bank has yet to do so. United Bank's statement clearly shows that the Defendant had opened a separate account with United Bank, with ANR funds, and secreted it from the Court, ANR, and Newman. It shows that from September 30, 2013 to October 31, 2013, that account had $19,188.54, in it, of ANR money, and the Defendant wrote checks, on it, or transferred money from it, that she used for her own person use and discretion, without informing Newman and the Court of said account.

15. The Defendant's use of ANR'S monies, in United Bank, was in direct violation of the Court's order that any use of ANR monies were to be first agreed by Newman and the Defendant and the Court would issue a consent order directing the bank to release the money to pay for the agreed upon expenses. On this point the Court, on January 22, 2013, stated:

> "…..THE COURT:…..So, I guess here's the bottom line for me, okay. I'm denying all of these motions. On the other hand, I am prepared to order the bank to release funds to cover things that everybody agrees should be paid in order to protect the ongoing asset such as it is. And at this point, the only amount I've got is $14,194.10.
> MS. BROWN GAINES: And I'll give you the rest now that have to go out today.
> THE COURT: Well you've got to get their agreement.
> MS. BROWN GAINES: Okay, well we can--…."

16. It is clear, from the above excerpt, that the Court intended that none of ANR'S monies could be spent unless it issued an order authorizing payment (s) and then only after

Newman and the Defendant had agreed on the payment. The Defendant's use of ANR'S money, in United Bank, violated the Court's January 22, 2013, and February 6, 2013 orders.

17. United Bank's statement clearly shows that the Defendant embezzled ANR'S money and used it for her own personal use and discretion, breaching her fiduciary duty to ANR, and Newman, and in violation of the Court's January 22, 2013 and February 2, 2013 orders.

18. When the Defendant misled Newman and the Court into believing that ANR only had five (5) bank accounts and that they were held with Bank of America, she knew this to be false because she had opened account with United Bank, with ANR monies, and she used that money for her own personal use and discretion: including but not limited to paying her bi-weekly salary and her attorney fees, in violation of the Court's January 22, 2013, and February 6, 2013 orders.

## COUNT I
## BREACH OF FIDUCIARY DUTY

19. ANR and Newman incorporate, by reference, the allegations in paragraphs 1 through 17, into this Count, as fully as if plead herein.

20. The Defendant had a fiduciary duty, to ANR and Newman, to conduct ANR'S business in accordance with its Articles of Organization and Operating agreement. She failed to do so and she, while working within her capacity as an ANR member and/or ANR employee, was responsible for maintaining and keeping ANR'S books and accounting, did willfully, wantonly, and intentionally, opened an ANR account, with United Bank, with ANR money, and secreted its existence from the Court and Newman and used the monies, in that account, for her own personal use and discretion.

21. As a direct and proximate cause of the Defendant's breach of her fiduciary duty, to ANR, and Newman, ANR and Newman lost approximately $100,000.00.

22.  The Defendant's actions are not only a breach of her fiduciary duty but they merge with and assume the character of a willful tort.

**Wherefore, the premises considered,** ANR and Newman demand judgment, against the Defendant, in the amount of: $100,000.00 in compensatory damages, and $100,000.00, in punitive damages, cost, pre-judgment and post-judgment interest, reasonable attorney fees, and any other damages this Court deems just and proper.

## COUNT II
## FRAUD

23.  ANR and Newman incorporate, by reference, the allegations in paragraphs 1 through 22, into this Count, as fully as if plead herein.

24.  This Court held a hearing, in Newman's first lawsuit, on January 22, 2013. During that hearing, the Court entered an order ordering Newman and the Defendant, to confer on what ANR debts should be paid; and once they agreed, to submit a consent order for the Court to sign authorizing the bank to releasing ANR monies to pay those agreed upon bills.

25.  During that same hearing, the Defendant, through her attorney, Eden Brown Gaines, twice informed the Court that ANR had only five (5) bank accounts stating:

> **".....MS. BROWN GAINES: There are several accounts. There are about five accounts and there is a little bit more than $500,000.00 in the accounts.**
> **THE COURT: Total?**
> **MS. BROWN GAINES: Total, of all accounts....."**

When the Court asked a second time, about the bank accounts, the Defendant's attorney stated:

> **"....THE COURT: There are five accounts, right?**
> **MS. BROWN GAINES: Yes...."**

26.  On or about October 25, 2013, when the Defendant sought the admission of an exhibit, during Newman's first lawsuit, believed to be Exhibit # 58, Newman noticed that the

7

exhibit, a bank statement, appeared to be from either United or TD Bank but she could not be certain because it was partially redacted. She requested her attorney to obtain ANR'S records, from those banks, because she was totally unaware of any ANR accounts with them. A subpoena was sent to: United and TD banks requesting a copy of their most recent bank statements for any accounts that ANR has with them. United Bank responded but TD Bank has not.

27. United Bank's statement shows that the Defendant had opened a separate account with United Bank, with ANR funds, and secreted it from the Court, ANR, and Newman. It shows that account, from September 30, 2013 to October 31, 2013, had $19,188.54, of ANR money, and the Defendant wrote checks, on it, or transferred money from it, without Newman's knowledge and consent, and in violation of this Court's January 22, 2013 and February 2, 2013, orders. The Court, on January 22, 2013, specifically stated how ANR monies were to be spent stating:

**".....THE COURT:.....So, I guess here's the bottom line for me, okay. I'm denying all of these motions. On the other hand, I am prepared to order the bank to release funds to cover things that everybody agrees should be paid in order to protect the ongoing asset such as it is. And at this point, the only amount I've got is $14,194.10.**
**MS. BROWN GAINES: And I'll give you the rest now that have to go out today.**
**THE COURT: Well you've got to get their agreement.**
**MS. BROWN GAINES: Okay, well we can--...."**

28. When the Defendant informed the Court that ANR only had five (5) bank accounts, and that those accounts were with the Bank of America, she knew it to be false because she intentionally, willingly, wantonly, and maliciously, refused to inform the Court and Newman that she had opened an account at United Bank, with ANR funds. The Defendant used the funds, in the United Bank account, for her own personal use and discretion, unbeknownst to the Court, and Newman, and in violation of the Court's January 22, 2013 and February 2, 2013, orders.

8

29.   The Defendant's statements, to the Court, about the number of ANR accounts was a

knowing, willful, wanton, intentional, and malicious fraud that she perpetrated upon the Court,

ANR, Newman, and the administration of justice. The Court in **Synanon Foundation, Inc. v.**

**Bernstein,** 517 A2.d 28 (D.C. App. 1986) stated, quoting from, **Hazel-Atlas Glass v. Hartford**,

322 U.S. 238 (1944)

"….tampering with the administration of justice in the manner indisputably shown here
involves far more than injury to a single litigant. It is a wrong against the institution set up to
protect and safeguard the public, institutions in which fraud cannot complacently be tolerated
consistently with good order of society…" ….."….No fraud is more odious than an attempt to
subvert the administration of justice…."

30.   As a direct result and proximate cause of the Defendant's fraud, ANR and Newman

were defrauded out of: $100,000.00.

**Wherefore, the premises considered,**  ANR and Newman demand judgment, against the

Defendant, in the amount of: $100,000.00, in compensatory damages, and $100,000.00, in

punitive damages, cost, pre-judgment and post-judgment interest, reasonable attorney fees, and

any other damages this Court deems just and proper.

## COUNT III
## CONVERSION

31.   ANR and Newman incorporate, by reference, the allegations in paragraphs 1-30, into

this Count, as fully as if plead herein.

32.   The Defendant had a fiduciary duty, to ANR and Newman, to conduct ANR'S

business in accordance with its Articles of Organization and its operating agreement. The

Defendant failed to do so and she, while working within her capacity as an ANR member and/or

employee, willfully, wantonly, and intentionally opened an account with United Bank, with ANR

monies, that she used for her own personal use and discretion.

9

33. As a direct result and proximate cause of the Defendant's actions ANR and Newman lost $100,000.00 that the Defendant illegally converted and used for her own personal use and discretion.

**Wherefore, the premises considered,** ANR and Newman demand judgment, against the Defendant, in the amount of: $100,000.00, in compensatory damages, and $100,000.00, in punitive damages, cost, pre-judgment and post-judgment interest, reasonable attorney fees, and any other damages this Court deems just and proper.

## COUNT IV
## REPLEVIN

34. ANR and Newman incorporate, by reference, the allegations in paragraphs 1-33, into this Count, as fully as if plead herein.

35. The Defendant had a fiduciary duty, to ANR and Newman, to conduct ANR'S business in accordance with its Articles of Organization and its operating agreement. The Defendant failed to do so and she, while working within her capacity as an ANR member and/or an employee, did willfully, wantonly, and intentionally open an account with United Bank, with ANR monies, and she used that money for her own personal use and discretion.

36. As a direct result and proximate cause of the Defendant's actions, ANR and Newman lost $100,000.00 that the Defendant illegally converted and used for her own personal use and discretion. ANR and Newman demand that the Defendant return ANR monies, with interest, from the date she opened the account with United Bank.

**Wherefore, the premises considered,** ANR and Newman demand judgment, against the Defendant, in the amount of: $100,000.00, in compensatory damages, and $100,000.00, in punitive damages, cost, pre-judgment and post-judgment interest, reasonable attorney fees, and any other damages this Court deems just and proper.

## COUNT V
## EMBEZZLEMENT

37. ANR and Newman incorporate, by reference, the allegations in paragraphs 1-36, into this Count, as fully as if plead herein.

38. The Defendant was entrusted with handling ANR'S books and bank accounts. On May 18, 2012, she removed Newman's name from ANR'S bank accounts, with Bank of America. This allowed the Defendant to have exclusive control over all of ANR'S monies and it prevented Newman from monitoring what the Defendant was doing with those accounts. From May 19, 2012, to December 31, 2012, the Defendant had unfettered control over ANR'S bank accounts and could deposit and disburse funds without any check and balance on her financial transactions.

39. The Defendant, unbeknownst to Newman, opened an ANR bank account, with United Bank, with ANR monies. The Defendant did not inform the Court or Newman about the account but she, while working in her capacity as an ANR member and/or employee, willfully, wantonly, intentionally and maliciously, embezzled ANR'S monies, from the United Bank account, and she used said monies, for her own personal use and discretion.

40. As a direct result and proximate cause of the Defendant's embezzlement, ANR and Newman lost $100,000.00 that the Defendant embezzled and used for her own personal use and discretion.

**Wherefore, the premises considered,** ANR and Newman demand judgment, against the Defendant, in the amount of: $100,000.00, in compensatory damages, and $100,000.00, in punitive damages, cost, pre-judgment and post-judgment interest, reasonable attorney fees, and any other damages this Court deems just and proper.

## **JURY DEMAND**

41. Newman demands a trial by jury.

Respectfully submitted,

Wendell C. Robinson, 377091
7600 Georgia Avenue, N.W., Suite 203
Washington, D.C. 20012
\202-223-4470

12

## THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

NICOLE A. NEWMAN, et al.,             *
                                       *

        **Plaintiffs,**           *         **Exhibit # 1**
                                       *

v.                               *    **CIVIL ACTION NO.:  2012 CA 004760 B**
                                       *

C. ALLISON DEFOE REESE, et al.,    *    **Honorable Judith Bartnoff**
                                       *

        **Defendants.**         *
**********************************

## VERDICT FORM

*GENERAL INSTRUCTIONS: This Verdict Form has eleven questions.  Beginning with Question No. 1, answer the question, check the appropriate blank, and then follow the instructions set forth after the answer blanks for that question.  **Your answers to each of the questions must be unanimous.***

## QUESTION NO. 1:

Do you find that the plaintiff, Nicole Newman, has proved each element of her fraud claim

against the defendant, Allison Reese, by clear, convincing and unequivocal evidence?

      Yes _____

      No _✓_____

If your answer is yes, what sum, if any, do you award to the plaintiff on her fraud claim?

    $_____

**QUESTION NO. 2:**

Do you find that the plaintiff, Nicole Newman, on her own behalf and on behalf of ANR, has

proved each element of the claim for breach of fiduciary duty against the defendant, Allison

Reese, by a preponderance of the evidence?

Yes _____

No ___✓___

If your answer is yes, what sum, if any, do you award to the plaintiff on her breach of fiduciary

duty claim?

$_____

Do you find that the plaintiff, Nicole Newman, has established by clear and convincing evidence

that she should be awarded punitive damages on her breach of fiduciary duty claim?

Yes _____

No _____

If your answer is yes, what amount of punitive damages, if any, do you award to the plaintiff on

her breach of fiduciary duty claim?

$_____

**QUESTION NO. 3:**

Do you find that the plaintiff, Nicole Newman, has proved each element of her claim for

conversion against the defendant, Allison Reese, by a preponderance of the evidence?

Yes ___✓___

No _____

If your answer is yes, what sum, if any, do you award to the plaintiff on her conversion claim?

$ _19,000.00_

2

Do you find that the plaintiff, Nicole Newman, has established by clear and convincing evidence that she should be awarded punitive damages on her conversion claim?

Yes _____

No ___✓___

If your answer is yes, what amount of punitive damages, if any, do you award to the plaintiff on her conversion claim?

$_____

## QUESTION NO. 4:

Do you find that the defendant, Allison Reese, has proved each element of her claim for breach of duty of loyalty, good faith and fair dealing against the plaintiff, Nicole Newman, by a preponderance of the evidence?

Yes _____

No ___✓___

If your answer is yes, what sum, if any, do you award to the defendant on her breach of duty of loyalty, good faith and fair dealing claim?

$_____

## QUESTION NO. 5:

Do you find that the defendant, Allison Reese, has proved each element of her claim for breach of contract against the plaintiff, Nicole Newman, by a preponderance of the evidence?

Yes _____

No ___✓___

3

If your answer is yes, what sum, if any do you award to the defendant on her breach of contract claim?

$_____

## QUESTION NO. 6:

Do you find that the defendant, Allison Reese, has proved each element of her claim for tortious

interference with contractual or business relationships against the plaintiff, Nicole Newman, by a

preponderance of the evidence?

Yes _____

No ___✓___

If your answer is yes, what sum, if any, do you award to the defendant on her tortious

interference with contractual or business relationships claim?

$_____

Please also answer the following questions:

## QUESTION NO. 7:

Do you find that Ms. Reese acted or is acting in a manner that is illegal or fraudulent?

Yes___✓___

No _____

## QUESTION NO. 8:

Do you find that Ms. Reese acted or is acting in a manner that was, is, or will be directly harmful

to Ms. Newman?

Yes___✓___

No _____

4

## QUESTION NO. 9:

Did Ms. Newman engage or is she engaging in wrongful conduct that has adversely and

materially affected, or will adversely and materially affect, ANR's activities and affairs?

Yes _____

No _____

## QUESTION NO. 10:

Has Ms. Newman willfully or persistently committed, or is she willfully and persistently

committing, a material breach of the Partnership Agreement or her duty of loyalty to ANR?

Yes _____

No _____

## QUESTION NO. 11:

Has Ms. Newman engaged in, or is she engaging in, conduct relating to ANR's activities which

makes it not reasonably practicable to carry on the activities of ANR with her as a member?

Yes _____

No _____

**JURY FOREPERSON**                                          **DATE**

5