# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| NICOLE NEWMAN, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 13-1969 (RC) |
| | : | | |
| v. | : | Re Document No.: | 2 |
| | : | | |
| C. ALLISON DEFOE REESE, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM & ORDER

### GRANTING PLAINTIFF'S MOTION TO REMAND

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Nicole Newman ("Newman") and Defendant C. Allison DeFoe Reese ("Reese") are principals[1] of ANR Construction Management, LLC ("ANR"), a limited liability company operating in the District of Columbia. *See* Compl., Nov. 22, 2013, ECF No. 1-1, at 2. On November 22, 2013, ANR and Newman (collectively, "Plaintiffs") filed suit against Reese in the Superior Court of the District of Columbia alleging the following claims: breach of fiduciary duty, fraud, conversion, replevin, and embezzlement. *See id.* at 1.

On December 12, 2013, Reese removed the case to this Court. *See* Def.'s Notice of Removal ("Def.'s Notice"), Dec. 12, 2014, ECF No. 1. In her Notice, Reese identified diversity jurisdiction pursuant to 28 U.S.C. § 1332 as grounds for removal, asserting that Newman and

---

[1] Although Reese alleges that Newman is no longer a principal of ANR "having withdrawn and/or having been judicially expelled therefrom in 2012," Def.'s Notice of Removal ("Def.'s Notice"), Dec. 12, 2013, ECF No. 1, at 1, this issue is irrelevant for the purposes of determining whether removal was proper under 28 U.S.C. § 1441(b) and thus is not addressed by the Court.

Reese are citizens of different states and the amount in controversy exceeds $75,000. *See id.* at 2; *see also* Civil Cover Sheet, Dec. 12, 2013, ECF No. 1-2, at 1.

On December 18, 2013, Plaintiffs moved to remand on the ground that this Court lacks subject matter jurisdiction. *See* Pl.'s Mot. to Remand ("Pl.'s Motion"), Dec. 18. 2013, ECF No. 2, at 3. Specifically, Plaintiffs argue that there is not complete diversity of the parties, as both Reese and ANR are citizens of the District of Columbia. *See id.* at 4. Moreover, Plaintiffs argue that even if there were complete diversity between the parties, removal would still be improper pursuant to 28 U.S.C. § 1441(b) as Reese is a resident of Washington, D.C. and "removal is not available to a defendant residing in the district where the cause of action accrued." *Id.*

Upon consideration of Newman's motion and Reese's opposition to that motion, as well as additional relevant filings in this matter, the Court finds that removal was improper and grants Newman's motion for the reasons discussed below.

## II. ANALYSIS

"A civil action filed in state court may only be removed to a United States district court if the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries*, *LLC*., No. 13–1725, 2014 WL 1372642, at *2, (D.D.C. Apr. 8, 2014) (citing 28 U.S.C. § 1441(a)). "Courts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. Dist. of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011). Federal district courts have original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states pursuant to 28 U.S.C. § 1332. Diversity actions are removable only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). As the party opposing the motion to remand,

Newman "bears the burden of establishing that subject matter jurisdiction exists in federal court." *Nat'l Consumers League*, 2014 WL 1372642, at *2 (citing *RWN Dev. Grp., LLC v. Travelers Indem. Co.*, 540 F. Supp. 2d 83, 86 (D.D.C. 2008)).

Newman argues that removal was improper because Reese is a citizen of Washington, D.C. and the forum-defendant rule prohibits the removal of diversity actions when a defendant is sued in her home state. *See* Pl.'s Mot., ECF No. 2, at 3. Removal in diversity jurisdiction actions is proper only if "none of the … defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This principle is uniformly accepted: a defendant sued in her home state cannot remove if federal jurisdiction rests on diversity of citizenship grounds. *See* Wright & Miller, 14B Fed. Prac. & Proc. Juris. § 3723 (4th ed.) ("Section 1441(b) explicitly provides, and the cases uniformly hold, that diversity cases may be removed to federal court only if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action was brought."); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("[D]efendants may remove the action to federal court … provided that no defendant is a citizen of the State in which such action is brought.") (internal citations omitted).

Here, Reese removed the action based on diversity jurisdiction.[2] *See* Def.'s Notice, ECF No. 1, at 2. Reese also admits she is a "citizen of the District of Columbia," and it is undisputed

---

[2] Reese later asserts that removal was proper because the Court also has federal question jurisdiction over Newman's embezzlement claim. *See* Def.'s Mem. in Opp'n, ECF No. 5, at 1. The Court first notes that that was not a basis for the removal. *See* Def.'s Notice, ECF No. 1, at 2. Regardless, Reese supports this argument by alleging that, "[t]he District of Columbia criminal code has no specific reference or provision regarding embezzlement . . . [but] [t]he United States Code . . . specifically references embezzlement." *Id.* at 4. However, embezzlement is addressed in D.C. Code § 22-3211(a)-(b) ("A person commits the offense of theft if that person wrongfully obtains or uses the property of another" … "[t]he term "wrongfully obtains or uses" includes conduct previously known as larceny, larceny by trick, larceny by trust, embezzlement, and false pretenses."). Thus, embezzlement is a D.C. (*i.e.*, state law) cause of action and does not present a federal question. Moreover, a criminal claim of embezzlement can

that the Plaintiffs filed suit in the Superior Court of the District of Columbia. *See id.* at 1. The Court therefore concludes that removal was improper pursuant to 28 U.S.C. § 1441(b) and the issue of complete diversity of the parties is irrelevant. *See Brooks v. Dist. of Columbia*, 819 F. Supp. 67, 68 n.1 (holding the Court need not address diversity of citizenship where removal was improper under 28 U.S.C. § 1441(b)). Reese was sued in her home state and as such cannot remove the case to federal court.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's motion to remand is granted and it is further **ORDERED** that the above-captioned matter be remanded to the Superior Court for the District of Columbia.

**SO ORDERED**

Dated: June 20, 2014                                                                    RUDOLPH CONTRERAS
                                                                                                         United States District Judge

---

only be brought by the U.S. Attorney's Office – not by the Plaintiffs. This is solely a civil action and if there is no civil claim for embezzlement in Superior Court that may be a basis to argue failure to state a claim, but has nothing whatsoever to do with this Court's jurisdiction. As such, there is no federal question jurisdiction in this case.